IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 30, 2001 Session

## ROY MICHAEL SHANKS v. HAZEL R. ALBERT, ACTING COMMISSIONER, TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, ET AL.

**Appeal from the Chancery Court for Hamblen County**
**No. 98-229      Thomas R. Frierson, II, Chancellor**

**FILED NOVEMBER 9, 2001**

**No. E2001-00066-COA-R3-CV**

---

Roy Michael Shanks appeals dismissal of his suit seeking to overturn a determination of the Board of Review that he was not entitled to unemployment compensation because of misconduct. We concur in the determination of the Chancellor and affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Paul G. Whetstone, Morristown, Tennessee, for the Appellant, Roy Michael Shanks

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for the Appellee, Hazel R. Albert

Robert C. Jessee and Lori L. Jessee, Morristown, Tennessee, for the Appellee, The City of Morristown

**OPINION**

In this suit seeking unemployment compensation, Roy Michael Shanks appeals the judgment of the Trial Court which found--as did the Appeals Tribunal to which it was appealed from the Agency, and the Board of Review where it was appealed from the Appeals Tribunal--that Mr. Shanks

was not entitled to unemployment compensation because of his misconduct in fighting with a fellow employee on City of Morristown property.[1]

The standard of review of the Chancellor is set forth in T.C.A. 50-7-304 and is likewise our standard of review on appeal. Ford v. Traughber, 813 S.W.2d 141 (Tenn. Ct. App. 1991):

(2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(A) In violation of constitutional or statutory provisions;
(B) In excess of the statutory authority of the agency;
(C) Made upon unlawful procedure;
(D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(E) Unsupported by evidence which is both substantial and material in the light of the entire record.

(3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. No decision of the board shall be reversed, remanded or modified by the chancellor unless for errors which affect the merits of the final decision of the board. Such petition for judicial review shall be heard by the chancellor either at term time or vacation as a matter of right, any other statute of this state to the contrary notwithstanding.

We have read the Chancellor's order dismissing Mr. Shanks' claim, as well as the testimony introduced before the Appeals Tribunal and concur in the Chancellor's findings of fact and conclusions of law.

The judgment of the Chancellor is accordingly affirmed and the case remanded for collection of costs below. Costs of appeal are adjudged against Roy Michael Shanks and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

_____

[1] The altercation began in the break room before the participants had clocked out, and concluded in the City's parking lot.